**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| ANITA WINFREE, | ) |
| | ) |
|     Plaintiff | ) **Case No.:** |
| | ) |
|   v. | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| ASSET ACCEPTANCE CORPORATION, | ) |
| | ) **(Unlawful Debt Collection Practices)** |
|     Defendant | ) |
| | ) |

## COMPLAINT

ANITA WINFREE ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ASSET CORPORATION. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant conducts business in the State of Delaware and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

**PARTIES**

6. Plaintiff is a natural person residing in Delaware.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a national debt collection company with corporate headquarters located at 28405 Van Dyke Avenue in Warren, Michigan, 48090.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**PRELIMINARY STATEMENT**

11. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 *et seq*. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection

with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

14. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

**FACTUAL ALLEGATIONS**

15. At all relevant times, Defendant was attempting to collect an alleged consumer debt from a Providian credit card from Plaintiff.

16. The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

17. On April 7, 2010 Defendant sent Plaintiff a rudimentary letter that indicated a debt was owed in the amount of $2,806.94 and requested information from the Plaintiff to

"evaluate [her] account". A true and correct copy of the April 7, 2010 letter is attached hereto as Exhibit "A".

18. Defendant's letter requested Plaintiff initial next to one of five choices, indicating either that she intended to pay the debt; payment was enclosed; a date payment would be made; a request to discuss the account; and/or that Plaintiff admitted responsibility, but could not pay. See Exhibit A.

19. Defendant's April 7, 2010 letter did not contain any information that would have informed Plaintiff of her rights and privileges under the FDCPA. In fact the Plaintiff should have been given a fifth option of the FDCPA mandated right to request validation and/or dispute the debt.

20. Beginning in or around July 2010, Defendant, its employees and servants, harassed the Plaintiff by making continuous calls to her work telephone number to discuss payment of the alleged debt.

21. It was not convenient for Plaintiff to discuss this matter while at her place of employment.

22. On August 2, 2010 Defendant sent another letter to Plaintiff this time offering a "settlement". A true and correct copy of the August 2, 2010 letter is attached hereto as Exhibit "B".

23. The August 2, 2010 letter states, "[Defendant] understand[s] that most people have many financial responsibilities and we want to work with you. To assist you in resolving this debt, we would like to extend to you a 70% discount on your current balance of $2, 828.13". See Exhibit B.

24. Defendant's August 2, 2010 letter did not contain any information that would have informed Plaintiff of her rights and privileges under the FDCPA. In fact the Plaintiff should have been an option of the FDCPA mandated right to request validation and/or dispute

the debt.

25. Based on information and belief, the alleged debt in question may be in connection with a credit card account Plaintiff has not used in over nine (9) years; however, Plaintiff was unable to ascertain this from the reference simply to "Providian Bank" in Defendant's correspondence

26. Plaintiff is certain that she has not incurred any debt of the sort described above, within the last five (5) years.

27. The statute of limitation for open credit accounts in the state of Delaware is four (4) years. *See 5A Del. C. 1953, § 2-725; 55 Del. Laws, c. 349.*

28. The letter is deceptive in that it fails to disclose that acceptance of the "settlement" offer would obligate Plaintiff to pay a debt that may no longer be collectable by operation of the statute of limitations.

29. Defendant's letter fails to provide consideration for Plaintiff's signature.

30. Defendant's conduct is deceptive to the least sophisticated consumer who from reading the letter has no reason to be aware that by accepting the "settlement" offer there is an acknowledgment of the alleged debt and a new statute of limitation period would begin.

31. Further, the settlement option would result in payment of less than 50% of the alleged debt, triggering possible tax consequences; however, Defendant failed to notify Plaintiff of the tax consequences associated with his debt from the proposed settlement payment.

32. The Defendant's August 2, 2010 letter goes on to indicate that the offer is only available until August 31, 2010, a period of less than thirty (30) days, and further that "the settlement offer outlined above is guaranteed through the above referenced date. After that time we reserve the right to modify the settlement offer, or revoke the offer entirely." *See Exhibit B.*

33. Again at no time does the August 2, 2010 letter to the Plaintiff notify her of her rights and privileges to dispute the debt and/or seek validation.

34. In fact by giving the Plaintiff less than thirty (30) days to take advantage of the special savings offer the Defendant overshadowed the rights Plaintiff had under the FDCPA to dispute the debt and/or seek validation.

35. Defendant's August 2, 2010 letter closes by informing the Plaintiff "the current balance was calculated on June 15, 2010." See Exhibit B.

36. Since there appears to have been a $21.19 increase in the amount of debt from Defendant's first letter to Defendant's second letter there should be a description as to how the new balance was calculated. See Exhibits A and B.

37. At no time did Defendant send any correspondence to Plaintiff setting forth her rights pursuant to the FDCPA to dispute the debt and/or seek validation.

38. Defendant's actions in attempting to collect the alleged debt were harassing and highly deceptive.

**CONSTRUCTION OF APPLICABLE LAW**

39. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

40. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be

construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

41. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

## COUNT I
## DEFENDANT VIOLATED
## THE FAIR DEBT COLLECTION PRACTICES ACT

42. Plaintiff incorporates herein by reference paragraphs 1 through 41 above.

43. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Defendant violated of the FDCPA generally;

    b. Defendant violated § 1692c(a)(1) of the FDCPA when it contacted the Plaintiff at an unusual time or place or a time and place known or should be known to be inconvenient to the Plaintiff in connection with the collection of a debt;

    c. Defendant violated § 1692d of the FDCPA by harassing Plaintiff in connection with the collection of an alleged debt;

d. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring repeatedly or continuously with the intent to annoy, abuse, and harass Plaintiff;

e. Defendant violated § 1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

f. Defendant violated § 1692e(10) of the FDCPA by using false representations or deceptive means to collect or attempt to collect a debt;

g. Defendant violated § 1692f of the FDCPA by using unfair and unconscionable means with Plaintiff to collect or attempt to collect a debt;

h. Defendant violated § 1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the debt;

i. Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

WHEREFORE, Plaintiff, ANITA WINFREE, respectfully pray for a judgment as follows:

a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ANITA WINFREE, demands a jury trial in this case.

## CERTIFICATION PURSUANT TO L.CIV.R.11.2

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

RESPECTFULLY SUBMITTED,

DATED: 05/20/11            KIMMEL & SILVERMAN, P.C.

By: /s/ W. Christopher Componovo

W. Christopher Componovo
Attorney ID # 3234
Kimmel & Silverman, P.C.
Silverside Carr Executive Center
Suite 118, 501 Silverside Road
Wilmington, DE 19809
(302) 791-9373 phone
(302) 791-9476 fax

PLAINTIFF'S COMPLAINT